THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AYOOLA AJAYI,<br><br>                    Plaintiff,<br><br>v.<br><br>BART MORTENSEN et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT SECOND AMENDED COMPLAINT**<br><br>Case No. 2:24-CV-366-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff Ayoola Ajayi, acting *pro se*, brought this prisoner civil-rights action, *see* 42 U.S.C.S. § 1983 (2026).[1] Plaintiff's motion to file his Third Amended Complaint (TAC) is granted. Dkt. No. 21, 21-1. Having now screened the TAC under its statutory review function, 28 U.S.C.S. § 1915A (2026),[2] the Court orders Plaintiff to file a fourth amended complaint curing deficiencies, to further pursue his claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2026).

[2]The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

## A. THIRD AMENDED COMPLAINT'S DEFICIENCIES

The Third Amended Complaint:

**1.** generally does not properly affirmatively link an individually named defendant to each element of each alleged civil-rights violation. (See below.)

**2.** possibly improperly alleges civil-rights violation(s) on a *respondeat superior* theory. (See below.)

**3.** does not concisely link each element of the claim of improper medical treatment to each individually named defendant. (See below.)

**4.** possibly asserts constitutional violations--e.g., "mocking," Dkt. No. 21-1, at 4--resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2026), reading, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act"; *cf. Parkhurst v. Shannon*, No. 24-8017, 2026 U.S. App. LEXIS 10915, at *7-8 (10th Cir. Apr. 16, 2026) ("Verbal threats don't ordinarily violate a prisoner's constitutional rights.").

**5.** does not adequately link *each element* of a retaliation claim to specific named defendant(s). (See below.)

**6.** raises issues of classification change/programming in way that does not support a cause of action. (See below.)

**7.** possibly inappropriately alleges civil-rights violations on the basis of denied grievances. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**8.** does not adequately link *each element* of a failure-to-protect claim to specific named defendant(s). (See below.)

**9.** perhaps attempts to bring an equal-protection claim, but does not adequately link *each element* of an equal-protection claim to specific named defendant(s). *See Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 752 (10th Cir. 2019) (explaining that--to state equal-protection claim--plaintiff must allege facts showing (a) prison officials treated him differently from similarly situated inmates and (b) disparate treatment was not reasonably related to penological interests).

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

**10.** does not adequately link *each element* of a state-law defamation claim to specific, named defendant(s). *See Mackey v. Krause*, 2025 UT 37 ("To prevail on a claim for defamation, the plaintiff must show that the defendant published . . . statements concerning him, that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." (citation modified)).

**11.** has claims apparently based on current confinement; however, the complaint appears to have not been submitted using legal help Plaintiff is constitutionally entitled to by his institution (i.e., the contract attorneys). *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

Case 2:24-cv-00366-DAK   Document 23   Filed 05/12/26   PageID.397   Page 4 of 13

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing, without moving for amendment. Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a

4

defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

5. Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

6. Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

7. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2025). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

8. **Affirmative Link.**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different

> actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

9. ***Respondeat superior***. The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat superior* liability under § 1983. *See id.* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell*, 436 U.S. at 689. Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

10. **Inadequate medical treatment.** The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under

6

the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: **a.** "Was the deprivation sufficiently serious?" And, if so, **b.** "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . . if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)); see also *Myers v. Turn Key Health Clinics, LLC*, No. 24-5113, 2026 U.S. App. LEXIS 548, at *22, n.6 (10th Cir. Jan. 9, 2026) (unpublished) ("Even assuming [Plaintiff] could show negligence, that does not suffice for deliberate indifference. *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006). Rather, under § 1983, conduct rising to the level of a constitutional violation must exceed 'even gross negligence[.]' *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (citing *City*

*of Canton v. Harris*, 489 U.S. 378, 388 & n.7 (1989))."). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

> The subjective component of deliberate indifference may be satisfied under a "gatekeeper" theory--that is, when a defendant "prevents an inmate from receiving treatment or denies access to someone capable of evaluating the inmate's need for treatment." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) (recognizing gatekeeping liability for denial of "access to medical personnel capable of evaluating the need for treatment"). Our precedent "illustrate[s] that when a jail official knows, or 'refuse[s] to verify underlying facts that he strongly suspected to be true, or decline[s] to confirm inferences of risk that he strongly suspected to exist' about an inmate's serious medical need, the official's failure to obtain medical assistance constitutes deliberate indifference." *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1159 (quoting *Farmer*, 511 U.S. at 843 n.8). When this subjective element is present, the "inquiry under a gatekeeper theory is . . . whether [defendants] fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs." *Lucas*, 58 F.4th at 1139.
>
> Defendants maintain that because they are "medical professional[s]," they are not, as a matter of law, gatekeepers charged with facilitating care for Ms. Johnson. Appellees' Suppl. Br. at 20-21. This is incorrect. That a defendant provides medical care does not foreclose gatekeeping liability: medical professionals "can occupy both positions of gatekeeper and provider simultaneously." *Lucas*, 58 F.4th at 1143 n.5. Thus, gatekeeping liability "can apply to medical professionals when the professional knows that his or her role in a medical emergency is solely to refer the patient to another."

*Johnson v. Sanders*, 121 F.4th 80, 94-95 (10th Cir. 2024).

**11. Retaliation Claim.** To properly assert a retaliation claim, Plaintiff must allege three elements: (1) he was involved in "constitutionally protected activity"; (2) Defendants' behavior injured him in a way that "would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) Defendants' injurious behavior was "substantially motivated" as a reaction to his constitutionally protected conduct. *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

**12. Classification.** An inmate's transfer to different housing or adjustment of privileges (e.g., prison employment) does not necessarily mean that prison administrators were deliberately indifferent to conditions with substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Allen v. Raemisch*, 603 F. App'x 682, 684 (10th Cir. 2015) (unpublished) ("[P]risoners do not have a protected liberty or property interest in keeping a specific prison job . . . ."). Nor is it, per se, "'atypical [of] ... the ordinary incidents of prison life.'" *See Adams v. Negron*, 94 F. App'x 676, 678 (10th Cir. 2004) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding placement in highly structured, restrictive prison housing not deliberate indifference)).

**13. Failure to protect.** Here are the standards governing this type of claim:

> The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). This obligation includes a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotations omitted). "To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present[ed] an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). To satisfy the second prong, the inmate must show that the prison

9

> official was deliberately indifferent to the inmate's health or safety. *Farmer*, 511 U.S. at 834. A prison official will not be liable unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

*Pittman v. Kahn*, No. 23-1153, 2024 U.S. App. LEXIS 3043, at *3-4 (10th Cir. Feb. 9, 2024) (unpublished).

## C. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff's motion to file his Third Amended Complaint is **GRANTED**. Dkt. Nos. 21, 21-1.

**2.** Plaintiff must within thirty days cure the Third Amended Complaint's deficiencies (noted above) by filing a single document entitled, "Fourth Amended Complaint," that does not refer to or include any other document. Dkt. No. 21-1.

**3.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**4.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**5.** The fourth amended complaint shall not include any claims outside the dates and allegations of transactions and events found in the Third Amended Complaint. Dkt. No. 21-1. The Court will dismiss any such new claims or outside allegations. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order for service of the complaint as to any valid claims and defendants.

**6.** Plaintiff must file any address change with the Court, and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**7.** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**8.** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

**9.** Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**10.** Plaintiff's Motion for Speedy Review for Trial is **DENIED**. Dkt. No. 18. With no valid complaint on file at this time, such a motion is premature.

11

**11.** Plaintiff's motion to seal exhibits is **DENIED**. Dkt. No. 20. The motion is not

properly analyzed under DUCivR 5-3.[3]

_____

[3]DUCivR 5-3, titled "Filing Documents under Court Seal," reads as follows:

**(a) General Rule.**

(1) The records of the court are presumptively open to the public. The sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is highly discouraged. Unless restricted by statute or court order, the public will have access to all Documents filed with the court and to all court proceedings. On motion of a party and a showing of good cause, a judge may order that a Document be sealed. A stipulation or a blanket protective order that allows a party to designate documents as sealable will not suffice to allow the filing of Documents under seal. _See the court's ECF Procedures Manual for procedures regarding filing sealed documents nonelectronically_.

(2) To prevent the overdesignation of sealed Documents in the court record, counsel must:

(A) refrain from filing motions or memoranda under seal merely because an attached exhibit contains protectable information;

(B) redact personal identifiers, as set forth in DUCivR 5.2-1, and publicly file the Document;

(C) redact the confidential portions of a Document when they are not directly pertinent to the issues before the court and publicly file the Document; and

(D) if the protectable information is pertinent to the legal issues before the court, redact the protectable information from the Document and publicly file the Document. Follow the procedure below to file a sealed version of the Document.

**(b) Procedure for Filing Under Seal.**

(1) Unless the court orders otherwise, a party must first publicly file a redacted version of the Document. A Motion for Leave to File Under Seal must be filed contemporaneously with the proposed sealed Document. The motion and proposed sealed Document must be filed as separate docket entries and both linked to the redacted version of the Document. The motion, which may be filed under seal if necessary, and the proposed sealed Document must be electronically filed. The portion of the Document sought to be filed under seal must be highlighted to identify the specific information that is sought to be sealed.

(2) The Motion for Leave to File Under Seal must specify why the Document is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Specifically, the motion must:

(A) be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection; and

(B) state the duration of the seal; and

(C) state the statute, rule, case law, or reason supporting the sealing of the Document; or

(i) If the sole basis for proposing that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only, then so state that reason in the motion. If the designating party seeks to have the Document remain under seal, the designating party must file a Motion

12

DATED this 11th day of May, 2026.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court

---

for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion. If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice.

(3) The court may make an independent determination as to whether the Document will be sealed, regardless of the parties' agreement or a party's decision not to oppose a Motion for Leave to File Under Seal.

(4) Subsequent Documents containing information that has already been the subject of an order allowing a sealed filing must state on the caption page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER (DOCKET NO. _____)."

(5) A Document filed under seal pursuant to section 5-3(b)(1) above will remain sealed until the court either denies the Motion for Leave to File Under Seal or enters an order unsealing it.

(6) The court may direct the unsealing of a Document, with or without redactions, after notice to all parties and an opportunity to be heard, with the exception set forth above in section 5-3(b)(2)(C)(i).

(7) The requirements of section 5-3(b) may be modified by the court upon a showing of good cause.

**(c) Access to Sealed Documents.**

Unless the court orders otherwise, the clerk will not provide access to or make copies of sealed documents.